UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE BAYOU BOYS BOAT RENTAL L L C    CASE NO. 2:25-CV-00121

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court are a "Motion to Transfer Venue" [doc. 26] filed by claimant Jeremy Smith, a "Motion to Transfer Case" [doc. 47] filed by Franklin Rivas, and a "Motion to Transfer to a More Convenient Forum" [doc. 38] filed by limitation plaintiff B&S Equipment Company. The motions are all opposed.

## I.
### BACKGROUND

This suit arises from an explosion and fire on the M/V CAPTAIN CAMERON that injured two seamen. Doc. 2, ¶ 8. The CAPTAIN CAMERON is a crew boat that primarily operates as a fuel boat on marine construction projects. *Id.* at ¶ 5. It is owned and operated by Bayou Boys Boat Rental, LLC ("Bayou Boys"). *Id.* Bayou Boys was hired by B&S Equipment Co., Inc. ("B&S"), a contractor for Troy Construction LLC ("Troy"), to provide vessels for Troy's pipeline construction project in and around Sabine Lake. *Id.* at ¶ 8. On February 1, 2025, the CAPTAIN CAMERON was operating from the Troy Shipyard in Orange County, Texas, and exploded near Shell Island in the Sabine River. Doc. 26, att. 2, ¶ 3. Since that time the vessel has not been arrested or attached. Doc. 2, ¶ 2. Instead, the

wreckage was moved to Orange, Texas, and has remained there since the accident. Doc. 26, att. 2, ¶ 4.

Bayou Boys filed a limitation petition in this court on February 4, 2025, as owner and operator of the CAPTAIN CAMERON. Since that time, B&S, Troy, and the two injured seamen, Jeremy Smith and Franklin Rivas, have appeared and filed admiralty claims. Smith and Rivas now move to transfer the case to the United States District Court for the Eastern District of Texas, arguing that the complaint should have been filed in the district where the vessel may be found under Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims. Docs. 26, 47. B&S and Bayou Boys oppose the motion, asserting that even if venue is proper in the Eastern District of Texas, it should instead be transferred to the United States District Court for the Eastern District of Louisiana for the convenience of the parties and witnesses.

## II.
## LAW & APPLICATION

"When a case is filed in the 'wrong division or district,' district courts are instructed under 28 U.S.C. § 1406(a) either to dismiss or, 'if it be in the best interest of justice,' to transfer to a district where venue is proper."[1] *Alessandro-Robert v. Experian Info. Sols. Inc.*, 2023 WL 6462860, at *2 (N.D. Tex. Oct. 2, 2023) (quoting 28 U.S.C. § 1406(a)). When a limitation of liability is sought, the provisions of Supplemental Admiralty and Maritime Claims Rule F(9) govern venue:

---

[1] Smith brings his motion under Federal Rule of Civil Procedure 12(b)(3), which allows a party to move for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3). The only requested relief, however, is transfer of this matter to the Eastern District of Texas. Accordingly, the court analyzes the motion under 28 U.S.C. § 1406(a).

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P. Supp. R. F(9). Accordingly, both § 1406(a)'s provisions governing transfer for improper venue also applies in admiralty proceedings. *E.g.*, *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 515 (4th Cir. 1955).

Noting that the vessel has never been attached or arrested and that no suit has been commenced against the owner, Smith and Rivas maintain that the complaint should only have been filed in the Eastern District of Texas as the district "in which the vessel may be." B&S notes, however, that "may" instead of "shall" is used for situations where the vessel has not been arrested or attached: "the proceedings may be had in the district in which the vessel may be." It thus maintains that there is no limitation, and that filing in the district is merely permissive. Yet "but" is used for when the complaint may be filed in any district and is clearly disjunctive, meaning that the limitations on filing are only lifted "if the vessel is not within any district and no suit has been commenced in any district." All the parties appear to acknowledge that this is not the case. At the time of filing, the vessel's wreckage was located in Orange, Texas.

B&S and Bayou Boys also argue that even if venue is proper in the Eastern District of Texas, the matter should instead be transferred to the Eastern District of Louisiana for the convenience of the parties and witnesses. But the plain language of Rule F(9) provides that, "if venue is wrongly laid the court shall . . . transfer the action to any district in which it could have been brought." The parties could not have initially filed this suit in the Eastern District of Louisiana, because the vessel was located in the Eastern District of Texas. Accordingly, the matter must be transferred to that district and any arguments for transfer based on convenience can be heard there.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the "Motion to Transfer to a More Convenient Forum" [doc. 38] be **DENIED** and that the "Motion to Transfer Venue" [doc. 26] filed by claimant Jeremy Smith, a "Motion to Transfer Case" [doc. 47] be **GRANTED**. Accordingly, this suit is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Texas.

**THUS DONE AND SIGNED** in Chambers on the 29th day of May, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**